871 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Alfred A. BARRIOS.
 No. 88-1563.
 United States Court of Appeals, Federal Circuit.
 Feb. 27, 1989.
 
 Before RICH, NIES and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This appeal is from the May 20, 1988, decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) affirming the final rejection of the examiner rejecting all claims remaining in Barrios' patent application Serial No. 441,746 filed November 15, 1982, entitled "New Improved Biofeedback Card." We affirm.
 
 OPINION
 
 2
 Having reviewed the record we are well aware that applicant has utilized almost every argument known to skilled practitioners of the patenting art and supplied large quantities of opinion and "secondary consideration" evidence in support thereof which can only cause us to marvel at the diligence and ingenuity of appellant and his attorney.
 
 
 3
 Nevertheless, having considered the counterbalancing patient arguments made by the legal representatives of the Commissioner, including the Examiner, the Associate Solicitor, and the members of the Board, we are constrained by our duty to carry out the intent of the legislators in writing the 1952 patent statutes, particularly section 103, to agree with the board that the claimed subject matter would have been obvious to the hypothetical person of ordinary skill in the art at the time it was decided to put some excerpts from Barrios' book on the back of the card in addition to a reference to the book. See Kimberly-Clark Corp. v. Johnson & Johnson, 745 F.2d 1437, 1449-1454, 223 USPQ 603, 610-614 (Fed.Cir.1984).
 
 
 4
 We view the extraordinarily thorough opinion of the board as adequately answering appellant's arguments and stating the reasons for affirming the rejection. We only add the thought that the card, which the article claims describe as a "device," does not do anything to the user. The user, by reading what is on the card (being at the time in what is called a "biofeedback loop") and taking it seriously, does things to himself or herself. This is not the card device doing anything that would not be done by a reading of Barrios' book.